**KDVG**

**KAUFMAN DOLOWICH VOLUCK & GONZO LLP**

ATTORNEYS AT LAW

January 4, 2011

**VIA ECF**

**MAGISTRATE JUDGE JAMES ORENSTEIN**
**United States District Courthouse**
**225 Cadman Plaza East**
**Brooklyn, New York 11201**

      Re:    Campbell et. al. v. Baum et. al.
            Case No.   :    10-cv-3800 (JBW)(JO)
            Our File No. :    035510-0002

Dear Magistrate Orenstein:

    We represent the defendants STEVEN J. BAUM, ESQ., STEVEN J. BAUM, P.C., STEPHANIE M. VAMPOTIC and DAWN HANZLIK-HEXEMER, ESQ. (collectively the "Baum Defendants"), with respect to the above-captioned matter. We write this letter in response to plaintiffs' counsel's letter of today's date to correct the misstatements in that letter and to request that the Court not deem the motion as moot.

    Contrary to counsel's assertions, the Baum Defendants only agreed to:

    (a) give plaintiffs' counsel an extension from January 4, 2011 to January 10, 2011 to respond to our motion, <u>if</u> the Court approved of the extension; and

    (b) adjourn the January 10, 2011 conference date (due to plaintiffs' counsel's position that she had a conflict that day), <u>if</u> the Court approved.

    Contrary to plaintiffs' counsel's letter, the issue of plaintiffs' non-compliance has not been "resolved." The simple fact remains that plaintiffs' discovery responses and interrogatory responses were due on December 22, 2010 and plaintiffs failed to object, provide a response or a produce a single document. Discovery is to be completed by January 31, 2011 and plaintiffs continue to drag their feet.

    Despite plaintiffs' discussions about how complex the case is, it was only made complicated by their 188-paragraph RICO complaint. Nonetheless, the Baum Defendants have met their deadlines and expended significant costs in doing so. Plaintiffs' conclusory statement in their letter that the Baum Defendants' demands were "inordinately long and beyond the scope of limited discovery" without any further explanation is continued evidence of the dilatory

Magistrate Judge Orenstein
January 4, 2011
Page 2 of 2

tactics undertaken in this case and presumably indicative that complete responses will not be forthcoming, despite the continued delays by plaintiffs.

We did not agree to withdraw our motion and it is certainly not moot. We advised plaintiffs' counsel to get us full and complete responses to our discovery demands and interrogatories and, at that point, we could address whether our motion would be withdrawn. Alternatively, we told plaintiffs' counsel to immediately drop the RICO, fraud, RESPA, constructive trust and punitive damages claims in the complaint – leaving only the FDCPA claim to be litigated – and we would then be willing to revise our demands to eliminate any demands related to the dismissed claims.[1]

In addition, I have advised plaintiffs' counsel that I never received the email she sent out last night (which was apparently received by counsel for co-defendants and forwarded to me as part of a "Reply All" response) which she has annexed to her letter brief.

Very truly yours,
Kaufman Dolowich Voluck & Gonzo LLP

Brett A. Scher

Encl.

cc:     Susan Chana Lask, Esq. (via email)
        Robert Brochin, Esq. (via email)

ND: 4850-5987-9688, v. 1

---

[1] For clarification, the only amendment to the pleadings that we have agreed to is an amendment that results in the discontinuance of some or all claims asserted in the complaint.