

**135 CROSSWAYS PARK DRIVE, SUITE 201**
**WOODBURY, NEW YORK 11797**
**TEL: (516) 681-1100**
**FAX: (516) 681-1101**

March 30, 2011

**VIA ECF**
Magistrate Judge James Orenstein
United States District Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

>     Re:   Campbell et. al. v. Baum et. al.
>           Case No.    :    10-cv-3800 (JBW)(JO)

Dear Magistrate Orenstein:

We represent the Baum Defendants in this matter. This letter is submitted in response to Plaintiffs' two letters of today's date requesting an "immediate" conference – a conference is already set for April 6th. We are at a loss at where to start to respond to Plaintiffs' letters. Plaintiffs' counsel now readily admits to having a conflict of interest and, apparently, after her threat to terminate settlement negotiations in this action in an attempt to put her own financial interests ahead of her clients failed, she now seeks an "immediate" conference to facilitate settlement. Faced with a clear conflict of interest and facing a motion to strike the complaint due to violation of this Court's February 2011 orders, there are two critical issues that must be addressed: (1) as a result of Plaintiffs' actions, there is no longer any settlement to discuss; and (2) plaintiffs' counsel has a conflict of interest that warrants production of written waivers from her clients or their disqualification from this claim.

    **A.**    **Settlement Discussions Were Terminated by Plaintiffs' Counsel**

Plaintiffs' assertion is that we falsely filed a letter with Judge Weinstein this morning stating that settlement negotiations had ended last night. Plaintiffs contend in their letter that "we are settled but for some details...." Annexed hereto as Exhibit A is an email string containing plaintiffs' email from 12:37 a.m. this morning (which was conveniently omitted from plaintiffs' application). As the Court will see, our letter was sent to Judge Weinstein at Plaintiffs' insistence that settlement negotiations were off (the letter plaintiffs refer to is our letter application of yesterday's date asking the court to put the matter on the suspense calendar in light of a settlement in principle. Plaintiffs' email expressly states:

> Brett, it's not that I don't want to hear it. It was your presentation of a "global settlement" that I initially did not care to hear. After researching the last week, me and local counsel concluded it is ALL related—so much so that is probably why you initially broached it, and enough so that I and the Plaintiffs can file our SLAPP suit.
> Mr. Miller will not sign a waiver. He believes this is a ruse and frankly, im not interested in playing games with Mr. Baum. He has not been forthright. He just sent me an entire article about baum recently published that only confirms his suspicions about what is happening here.
> **Please retract your letter to the court tomorrow morning and lets get started with depositions as scheduled.** If it were not for Mr. Baum complicating this with a suit that had no reason other than to harass, this would not be happening.

> We concluded not only is he not serious, but he is not acting in good faith at all and appears to have ulterior motives when I was kind enough to cooperate at with a ridiculous request against freedom of speech and NY Civil Rights law 74 to pull info off my website and not speak to two news agencies that called. Agencies that I will return their calls and speak forthright. As you know, such injunctions demands are simply against public policy.
> I have scheduling of this and other cases that I need to move forward.
> **Please file a letter tomorrow to the court that depositions are moving forward next week as I need to prepare.** Thank you.

See Exhibit A (emphasis added). Thus, Plaintiffs terminated settlement discussions and demanded that I advise the Court immediately. I did exactly that.

### B. Disqualification of Plaintiffs' Counsel

Plaintiffs' application to the Court this morning is the culmination of their attorney's conflict of interest. What is now apparent is that, in violation of Rule 1.7(a)(2) of the *New York Rules of Professional Conduct* (a lawyer shall not represent a client if a reasonable lawyer would conclude that "there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests), Plaintiffs' counsel has now put the interests of her clients behind her own. After the parties to this action negotiated what appeared to be a settlement in principle resolving this action in its entirety, Plaintiffs' counsel began insisting that the settlement of this case (to the benefit of her clients) would not proceed unless we agreed to a "global settlement." Her concept of a "global settlement" entails settlement of both this case as well as a separate defamation suit filed by Steven J. Baum where plaintiffs' counsel – not her clients (the plaintiffs in this action) – are the defendants. The defamation case is pending in the Supreme Court of the State of New York, Erie County and is based upon statements that plaintiffs' counsel made in the media regarding Mr. Baum. Our firm is not counsel to Mr. Baum in that action and we have repeatedly advised plaintiffs' counsel of such. Moreover, we have told her that we would not be involved in any settlement discussions regarding that case. Lastly, we advised Plaintiffs' counsel that her attempt to link the settlement of the two actions together was a conflict of interest.

As the Court will see from the string of emails attached hereto as Exhibit A, this has not stopped plaintiffs' counsel from repeatedly attempting to tie the settlement of her clients' claim (this action) to the resolution of Mr. Baum's defamation claim against her (with potential exposure to her individually, not her clients). On March 28, 2011, plaintiffs' counsel stated:

> As you know, and as our motions to the WDNY court state, the cases are related and Mr. Baum should have filed a counterclaim in EDNY, not a separate action. I have a slapp suit prepared to be filed in the EDNY but have withheld based on the interests of settlement as we agreed.
>
> **If Mr. baum is serious, then he will globally close all matters, make me whole regarding the action he filed upstate**, otherwise else we can remove that before judge Weinstein with the slap suit. Hopefully you can speak to your client as the issues are related and his filing interferes with this matter. **One cannot be closed without the other.**

Exhibit A (March 28, 2011 5:31 PM email) (emphasis added). Plaintiffs' counsel then sent an email stating:

> Hi Brett, my counsel upstate informs Mr. Baum never communicated with them. We have acted in serious good faith under the circumstances. We're beginning to believe he is not serious about a global settlement and stalling. I am directed to file the slapp action tomorrow to move forward before the EDNY. I am also having issues with Mr. miller because of this.

> I trusted your settlement objectives—as much as you state you're not involved in the upstate matter, it is related as after my research because of my motion to dismiss, it should have been raised here, not there, and it cannot be ignored. Please advise.

Exhibit A (March 29, 2011 4:30 PM email) (emphasis added).

In response, I advised plaintiffs' counsel that I would not get involved in her conflict and, moreover, was not Mr. Baum's attorney in the defamation claim and, thus, could not speak to settling that claim even if I did choose to ignore her conflict. I, alternatively, gave plaintiffs' counsel the option of resolving the conflict by producing conflict waivers from her clients:

> I know you don't want to hear it but as I've stated I cannot and will not get involved in the handling of the upstate case. I want to be accommodating to you, but do not understand why your local counsel refuses to simply call Mr. Baum's attorney in that litigation instead of relaying it through me. I understand your belief that there may be some relationship between the two cases but I think there's clearly a potential conflict issue which I do not want to be in the middle of.
>
> If you really want to pursue a "global settlement," can you get conflict waiver letters from Miller and Campbell confirming that they are aware of the potential conflict and are waiving it. If you can do that, I would not have a problem getting everyone on the phone to resolve this thing once and for all. But until that point, I remain committed to resolving our case and leaving your negotiations in the upstate to the attorneys in that case.

Exhibit A (March 29, 2011 6:10 PM email). Plaintiffs' counsel disingenuously responded by claiming that it was I that somehow presented a "global settlement" and advising me that Mr. Miller (one of the plaintiffs in this action) would not sign a conflict waiver letter. See Exhibit A (March 30, 2011 12:37 AM email). As discussed above, the same email instructed me to withdraw my request that the case be placed on the suspense docket because there was no longer a settlement and plaintiffs wished to proceed with discovery. Plaintiffs' counsels' March 30, 2011 2:12 AM email (which she implies indicates a change of hear) changed nothing. In fact, Plaintiffs' counsel expressly claimed that her "clients disagree with waivers as the cases are related." See Exhibit B. Thus, the conflict remains.

It appears that plaintiffs' counsel's attempt to leverage the settlement of this case to protect her own financial interests failed and she is now asking the Court to ignore her conflict and "assist" her conflicted conduct by forcing a settlement of the unrelated defamation claim as part of this case. In light of plaintiffs' counsel's conflict of interest, the Court should either: (a) bring plaintiffs' clients in to court to confirm that they have been advised of their counsel's potential conflict and have waived it in writing; or (b) disqualify plaintiffs' counsel from continuing in this litigation.

### C. Plaintiffs' Claim that Depositions are Scheduled to Proceed

We also note that plaintiff has filed second application implying that if the case is not settled by April 1, 2011, depositions will begin on April 4, 2011. Other than blocking dates for plaintiffs' deposition (no date or time was set), there has been no date and time set for any depositions. In addition, in light of the settlement we thought was in place until this morning, our clients are no longer available. Finally, in light of the pending motion to strike and significant conflict issue that has come to light, depositions should not be allowed to proceed. The Court has set April 6, 2011 for a conference and plaintiffs should be ready to address all of these issues at that time.

Respectfully submitted,

Brett A. Scher

cc: All counsel (via ECF)

4820-0811-6745, v. 1