

**KDVG**

KAUFMAN DOLOWICH VOLUCK & GONZO LLP

ATTORNEYS AT LAW

135 CROSSWAYS PARK DRIVE, SUITE 201
WOODBURY, NEW YORK 11797
TEL: (516) 681-1100
FAX: (516) 681-1101

April 11, 2011

**VIA ECF**
Magistrate Judge James Orenstein
United States District Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  Campbell et. al. v. Baum et. al.
        Case No.  :  10-cv-3800 (JBW)(JO)

Dear Magistrate Orenstein:

  We represent the Baum Defendants in the above-referenced matter. The Baum Defendants hereby move to enforce a settlement reached by the parties through counsel and ask that the Court address this issue on an expedited basis during the conference scheduled for April 13, 2011 at 2:30 p.m. The Baum Defendants seek enforcement of the settlement as against plaintiff Jeffrey Miller as it appears that he now refuses to sign the settlement agreement. This case is directly on point with the case of Figueroa v. City of New York, 2011 U.S. Dist. LEXIS 9433 (S.D.N.Y. 2011) which is attached hereto as Exhibit A, wherein the Court enforced a settlement agreed upon by counsel for all sides (where, like the case at bar, an individual plaintiff later attempted to backtrack away from a settlement counsel was authorized to, and did, accept).

  A set forth in Figueroa, parties can enter into binding oral agreements. Id. (citing Winston v. Mediafare, 777 F.2d 78, 80 (2d Cir. 1985)). Where the parties intend to be bound, an oral settlement of a litigation is binding even if a party later changes his or her mind. Id. (citing Powell v. Omnicom, 497 F.3d 124, 129-30 (2d Cir. 2007)). In Figueroa, the parties reached a settlement, the parties' counsel advised the Court of such but then the plaintiff "changed her mind" and attempted to walk-away from the settlement. The Figueroa court rejected plaintiff's argument and enforced the settlement. As the Court will see from the facts below, applying the analysis in Figueroa warrants that the settlement in this matter be enforced against plaintiff Miller (as discussed below, all other parties have agreed to and signed the settlement).

  As the Court is aware, during the last appearance before the Court on April 6, 2011, all parties advised the Court that they had agreed to the terms of the settlement, but plaintiff Miller then insisted that one paragraph of the settlement – concerning his right to solicit discovery from the Baum Defendants in any future claim against co-defendants MERSCORP and Mortgage Electronic Registrations, Inc. in any future litigation – be deleted from the agreement. Based upon plaintiff Miller's refusal to accept an agreement that contained said language, the Court then focused on the Baum Defendants' pending motion to strike the complaint. This lead to the Court giving the plaintiffs "one final opportunity to comply with [its] order no later than April 11, 2011."

  Immediately following the conference, counsel for the plaintiffs and the Baum Defendants then undertook several hours of negotiations, which ultimately lead to a settlement that included the Baum

Defendants' agreement to the deletion of the clause in the agreement that Miller had objected to. On the morning of April 7, 2011, in accordance with the settlement that was reached between the parties, plaintiffs' counsel correctly reported to the Court that "a settlement has been finalized." See ECF Document No. 64. Plaintiffs' counsel then requested from the Court "a one week stay so we may file the attached Stipulation of Dismissal as we need time to obtain the signature pages from all parties as all settlement terms have been resolved after my diligent efforts with Mr. Scher after the conference yesterday." Id.

In reliance upon the confirmation of the settlement and plaintiffs' communication to the Court, on April 7, 2011, the Baum Defendants asked the Court to hold their pending motion to strike the plaintiffs' complaint in abeyance (plaintiffs' deadline for compliance would have been today). See ECF Document No. 65. Based upon these representations to the Court, all of the Baum Defendants signed the settlement agreement and forwarded same to plaintiffs' counsel. By letter to the Court, dated April 8, 2011, plaintiffs advised the Court that "all parties have executed the revised agreement . . ." and then indicated that they were just awaiting Miller's signature. See ECF Document No. 67.

It now appears that Miller is refusing to sign the settlement. This leads the Baum Defendants to believe that Miller agreed to the settlement (and/or authorized his counsel to accept the terms of the settlement) simply as a delay tactic to avoid the implications of the Court's April 6, 2011 Order. Such conduct should not be condoned.

There is no dispute amongst counsel that this case is settled nor is there any dispute as to the terms. Thus, the Baum Defendants request that the Court enter an order on April 13, 2011 enforcing the settlement reached between the parties (which is confidential and will be provided to the Court under seal, if requested).

Respectfully submitted,

Brett A. Scher

cc: All counsel (via ECF)

4812-0740-8649, v. 1